HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH STONER,

    Plaintiff,

v.

ALDRIDGE PITE HAAN LLP,

    Defendant.

Case No. 2:18-cv-01703-RAJ

ORDER

## INTRODUCTION

This matter is before the Court on Plaintiff's motion to remand. Dkt. # 8. For the reasons below, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

Plaintiff states that, on October 25, 2018, he served a complaint and summons on Defendant's registered agent. Dkt. # 8. The summons allegedly contained both a signed and unsigned signature page from Plaintiff's counsel. Dkt. # 8-2 at 32-33. The next day, on October 26, Defendant's counsel called Plaintiff's counsel about the lawsuit, during which they discussed preliminary matters. Dkt. # 8-1, ¶¶ 4-5.

Defendant contends that the summons it received on October 25, 2018 only contained an unsigned signature page. *See* Dkt. # 14, ¶ 4; Dkt. # 15 at 6. Defendant's counsel affirms that she contacted Plaintiff's counsel on November 13, 2018 and advised that the summons was unsigned and therefore incomplete. Dkt. # 13, ¶3. Following the phone call, Plaintiff's counsel emailed over a signed summons and complaint. *Id.*

ORDER – 1

Defendant filed a notice of removal with this Court on November 27, 2018. Dkt. # 1. On November 29, 2018, Plaintiff moved to remand the action to state court. Dkt. # 8.

## II. DISCUSSION

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Under this statute, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

Whether and when formal service is completed is determined according to state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993). Failure to remove a case within 30 days after the completion of formal service makes the removal procedurally defective. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n.1 (9th Cir. 1988). In Washington, personal service upon a company or corporation is accomplished either by serving the president or other head of the company or corporation, the company's registered agent, the corporate secretary, the cashier, or the managing agent, or by serving the secretary, stenographer, or office assistant of any of these persons. RCW 4.28.080(9). Failure to properly serve a defendant prevents the trial court from obtaining personal

ORDER – 2

jurisdiction over the defendant. *Crystal, China & Gold, Ltd. v. Factoria Ctr. Invs., Inc.*, 969 P.2d 1093 (Wash. App. 1999). In this case, there is no dispute that on October 25, 2018, Plaintiff personally served a summons and complaint on Defendant's agent. Dkt. # 15, ¶6. The summons properly names the defendant, advises that a response in writing must occur within 20 days, and that default may be entered should the defendant not respond. *Id*. at 5-6. Therefore, the Court finds that the 30-day period for removal began on October 25, 2018.

Defendant argues that the summons it received was unsigned and therefore no service occurred until November 13, 2018, the date that Plaintiff ultimately provided a signed summons. Dkt. # 12 at 2-5. The Court disagrees. Washington courts have rejected the sweeping premise that "process is jurisdictional," noting that defects in the *form* of a summons are not necessarily fatal. *See, e.g.*, *Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe L.L.C*., 64 P.3d 656, 659-60 (Wash. App. 2003) ("A failure to accomplish personal service of process is not a defect that can be cured by amendment of paperwork. Errors in the form of original process are, however, generally viewed as amendable defects, so long as the defendant is not prejudiced."); *see also Codd v. Westchester Fire Ins. Co*., 128 P.2d 968, 970 (Wash. 1942) (explaining that a summons is sufficient to confer jurisdiction upon the court when it performs the function of giving notice according to the statutory requirements, with such particularity and certainty as not to deceive or mislead). Accordingly, because the purpose of the summons is notice, Washington courts have emphasized substance over formality. *Quality Rock Prods. v. Thurston Cnty*., 108 P.3d 805, 813 (Wash. App. 2005); *see also* 14 KARL B. TEGLAND, WASHINGTON PRACTICE: SERVICE OF PROCESS § 8.2 (Supp. 2004) ("Although the courts have rigorously enforced the statutes governing the manner of service, the courts have been relatively lenient with respect to the form and content of the summons.").

Moreover, Defendant cannot claim to have been materially prejudiced by the lack of signature. For example, there is no dispute that Defendant's counsel called Plaintiff's

ORDER – 3

counsel to discuss the lawsuit on October 26, 2018, a day after service was made. Dkt. # 8-1, ¶¶ 4-5. Even more, Defendant's counsel made no issue of the unsigned summons until November 13, when she informed Plaintiff's counsel that no response to the complaint would be forthcoming. Dkt. # 13, ¶3. Defendant claims that remanding this case would lead to procedural absurdities, where defendants are burdened to remove cases from state court before they are brought under the state court's jurisdiction. Dkt. # 12 at 4. The Court again disagrees. Defendant was undoubtedly served with the complaint and summons, and then elected not to remove the action within 30 days. Instead, Defendant relied on a strict reading of Civil Rule 4 concerning the form of process. Tellingly, Defendant has cited no authority for the proposition that a defect in the form of a summons is fatal to the *service* of process. Having found none either, the Court concludes Defendant's argument is without merit.

In sum, the removal period ran from October 25, 2018 to November 25, 2018. Because Defendant removed the case on November 27, 2018, removal was improper. 28 U.S.C. § 1446(b). The Court **GRANTS** Plaintiff's motion.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion. Dkt. # 8. The Court instructs the Clerk of Court to remand this matter to the King County Superior Court.

DATED this 15th day of May, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4